UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CLISBEE et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>         Defendants. | Case No. 2:23-cv-07844-SB-RAO<br><br>ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION AND ORDER VACATING HEARING |

     Plaintiff Kimberly Clisbee filed this action pro se on September 17, 2023. Dkt. No. 1. The complaint also lists Christopher Co as a co-Plaintiff, but he did not sign the complaint, and Clisbee does not purport to be an attorney authorized to represent him. The complaint references a proceeding in state court that has been pending for more than a year, apparently filed by Clisbee and Co. Plaintiff alleges that the case is an emergency and that her child could die because she is being denied access to health care. The complaint neither lists the Defendants nor identifies any basis for federal jurisdiction (or venue), but it alleges five causes of action, all of which arise under state law, which are apparently alleged against Los Angeles County and various medical providers. *Id.* ¶¶ 45–117. The civil cover sheet filed with the complaint erroneously states that the case was removed from state court and identifies as the sole basis for jurisdiction "U.S. Government Defendant." Dkt. No. 1-1 at 1–2. It also acknowledges, however, that neither the United States nor any of its agencies or employees is a Defendant in the action. *Id.* at 2.

     "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have a duty to assess whether federal subject-matter jurisdiction exists, sua sponte if necessary. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a

federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

Plaintiff has made no attempt to show that this Court has jurisdiction over her action, and no basis for jurisdiction is evident on the face of the complaint. The complaint alleges no federal causes of action, and the civil cover sheet states that both Plaintiffs and Defendants are citizens of California, so there is no diversity. The sole basis of federal jurisdiction identified in the civil cover sheet—the existence of a U.S. Government defendant—is facially inapplicable, as the same document admits that no Defendant is a U.S. Government agency or employee. Moreover, to the extent Plaintiff intended to remove the case already pending in civil court, the removal statute permits removal only by a defendant. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)).

Accordingly, Plaintiff is ORDERED to show cause in writing no later than October 20, 2023, why this case should not be dismissed without prejudice for lack of subject-matter jurisdiction. Failure to timely respond shall be deemed consent to dismissal without prejudice for lack of jurisdiction.

Plaintiff also filed a "motion for ex parte hearing" to be heard on October 11, 2023, Dkt. No. 7, together with a state-court form purporting to indicate that notice has been given to opposing counsel, Dkt. No. 12. The motion—which was filed on October 4 but was not docketed until after business hours on Friday, October 10—cites no law and identifies no legal basis for Plaintiff's entitlement to a hearing. Moreover, in the absence of subject-matter jurisdiction, the Court cannot provide any relief to Plaintiff. Accordingly, the purported October 11 motion hearing is VACATED. Plaintiff may not set any further matters for hearing unless the Court first determines that it has jurisdiction to act.

IT IS SO ORDERED.

Date: October 10, 2023

                                                Stanley Blumenfeld, Jr.
                                                United States District Judge